UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIE MAGGIORE, ) | CASE NO. 5:16-cv-340 |
| ) | |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| DAVID LEONARD, ) | |
| ) | |
| ) | |
| DEFENDANT. ) | |

*Pro se* plaintiff Marie Maggiore ("Maggiore") filed this action against defendant David Leonard ("Leonard"), asking the Court "to protect her Federal right" under the Protecting Tenants at Foreclosure Act ("PTFA"). (*See* Doc. No. 1 at ¶¶ 1, 8.) She alleges she had both a lease agreement and a purchase agreement with Leonard regarding premises in Canton, Ohio, and that Leonard violated her rights under the PTFA by evicting her from the premises in a 2015 eviction action in Massillon Municipal Court. A judgment of eviction was entered against Maggiore in *Leonard v. Clayton Smith and Marie Maggiore*, Case No. 2015 CVG 1274 (Massillon Municipal Court).

Leonard has filed a Motion for Summary Judgment. (Doc. No. 9.) The motion is fully briefed as Maggiore has filed an "answer in opposition" to the motion (Doc. No. 11) and Leonard has filed a reply (Doc. No. 12). For the reasons stated below, the motion for summary judgment is granted.

**Standard of Review**

Federal Rule of Civil Procedure 56 governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must initially demonstrate that there is an absence of a genuine issue of material fact and it is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d (1986). Once the moving party meets this burden, to survive summary judgment, the party opposing the motion must produce admissible evidence – not merely allegations or denials in pleadings – demonstrating a triable issue. *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Rule 56 does not require that discovery be closed, or that there be any discovery, before a court rules on a motion for summary judgment. *See* Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery"); *Jefferson v. Chattanooga Publ'g Co.*, 375 F.3d 461, 463 (6th Cir. 2004) ("it is well-established that a motion for summary judgment may be filed prior to discovery"). Ruling on a summary judgment motion may be improper where the nonmoving party has not had sufficient time to engage in discovery. *Jefferson*, 375 F.3d at 463. However, if the nonmoving party claims an inability to present facts essential to oppose a motion for summary judgment, it is the nonmoving party's burden to "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d); *Jefferson*, 375 F.3d at 463.

**Analysis**

Leonard contends he is entitled to summary judgment on Maggiore's action pursuant to the PTFA for a number of reasons: Maggiore does not have a right of action under the PTFA (which expired in 2014 and does not provide an express or implied private right of action); she lacks standing to bring this action due to a pending Chapter 7 bankruptcy proceeding; she is estopped from asserting she has a claim under the lease because she did not disclose such claim in the bankruptcy proceeding; and she is barred from asserting Leonard was not entitled to evict her due to prior rulings in the state eviction action and in the bankruptcy proceeding that Leonard had a right to evict her. With his motion, Leonard has submitted records from the state eviction action and the bankruptcy proceeding, including rulings in the eviction action that Maggiore was in default under the lease and Leonard had a right to evict her. (Doc. No. 9-1 at 271-72.)

Upon review of the parties' briefs and arguments, the Court concludes that Leonard is entitled to summary judgment. The only claim Maggiore purports to assert in her complaint is pursuant to the PTFA. The PTFA was originally enacted as a temporary measure to protect tenants from eviction in the case of foreclosure on a federally related mortgage loan, and required that successors-in-interest to foreclosed properties provide 90 days' notice to tenants to vacate the property. *See Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014). As Leonard demonstrates, the PTFA expired on December 31, 2014, and was no longer in effect when Maggiore was evicted. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub.L. No. 111–203, 124 Stat. 1376, 2204 (2010) (setting date of expiration); *Fairview Tasman LLC v. Young*, No. 15–CV–05493–LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (party could not assert claims under PTFA where all alleged violations occurred after its expiration).

In addition, the PTFA does not create a private right of action. *Mik*, 743 F.3d at 160 ("We hold that the PTFA does not provide an express or implied private right of action"). Therefore, Maggiore has no plausible federal cause of action under the PTFA even if it were in effect. *See McCoy v. Deutsche Bank Nat'l Trust Co.*, No. 15-CV-00613-RBJ-KLM, 2016 WL 1047822, at *7 (D. Colo. Feb. 23, 2016), report and recommendation adopted, No. 15-CV-00613-RBJ-KLM, 2016 WL 1028325 (D. Colo. Mar. 15, 2016) (dismissing federal claim under the PTFA).

In her opposition, Maggiore does not contend she needs discovery to refute Leonard's motion demonstrating she has no viable claim under the PTFA. She contends the parties' lease agreement "is a nullity" and "there is simply no grounds for an eviction" under Ohio law. (Doc. No. 11 at 5.) However, to the extent Maggiore purports to allege some state law claim in this case challenging her eviction, such claim is barred by the doctrine of *res judicata*, which bars a litigant from filing an action in federal court to re-litigate matters that were already decided in state court proceedings. *See Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) ("[w]ell-settled law directs federal courts to 'give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered'"), citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. 2d 2d 56 (1984). Under Ohio law, *res judicata* bars a claim when: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Crawford v. Katz*, No. 1:14-CV-812, 2015 WL 2401643, at *4 (S.D. Ohio May 19, 2015), report and recommendation adopted, No. 1:14CV812, 2015 WL 3743467 (S.D. Ohio June 15, 2015).

*Res judicata* applies here as the Massillon Municipal Court already determined that Maggiore was in default under the lease and that Leonard had a right to evict her under Ohio law.

## Conclusion

For the reasons stated above, no genuine issue of material fact exists in this case and Leonard is entitled to judgment on Maggiore's complaint as a matter of law.  Leonard's motion for summary judgment is accordingly granted and the case is dismissed.

**IT IS SO ORDERED**.

Dated: May 2, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**